```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

    JAN - 6 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

**SEALED**

# United States District Court

_____NORTHERN_____ DISTRICT OF _____TEXAS_____

In the Matter of the Seizure of

$19,810.28 from the United States Bureau of Prisons Trust Fund Account in the name of Tiffany Taber, Inmate Registration Number 43283-177.

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

I, Deborah Crook, being duly sworn depose and say:   **3-15MJ006-BH**

I am a Senior Inspector with the United States Marshals Service, and have reason to believe that in the Southern District of Texas or elsewhere in the United States there is now certain property which is subject to forfeiture in the United States, namely:

$19,810.28 from the United States Bureau of Prisons Trust Fund Account in the name of Tiffany Taber, Inmate Registration Number 43283-177.

I believe that the property described is subject to seizure and that grounds exist for the issuance of this seizure warrant pursuant to 18 U.S.C. § 981(b) concerning property subject to forfeiture pursuant to 21 U.S.C. §§ 853(a) and 853(p). The facts to support a finding of probable cause are as follows:

See attached affidavit

Continued on the attached sheet and made a part hereof.   __X__ Yes   ____ No

_____
Signature of Affiant
Deborah Crook

Sworn to before me, and subscribed in my presence

at   __Dallas, Texas__
     City and State

Date:   January 6, 2015

Irma C. Ramirez
United States Magistrate Judge

_____
Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT APPLICATION

I, Deborah Crook, being duly sworn, state the following:

### Affiant's Background

1.    I am a Senior Inspector Asset Forfeiture Financial Investigator (AFFI) with the United States Marshals Service (USMS), having been duly appointed on January 4, 1993. As such, I am a federal law enforcement officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in the enforcement of the criminal laws of the United States and thereby authorized to request the issuance of a federal seizure warrant. During the course of my employment with the USMS, I have completed the Basic Deputy USMS Training Program and the Criminal Investigation Training Program from the Federal Law Enforcement Training Center, as well as several advanced training programs. As an Asset Forfeiture Financial Investigator for the USMS, I have also received extensive training in financial investigative techniques from the Department of Justice Asset Forfeiture and Money Laundering Section, the Treasury Department, the National Advocacy Center and the Federal Law Enforcement Training Center. The courses provided advanced training in investigative techniques used to investigate money laundering and Bank Secrecy Act violations and identify assets subject to criminal and civil forfeiture. In addition, I hold a Certified Fraud Examiner (CFE) designation and a Certified Anti-Money Laundering Specialist (CAMS) designation. I hold a Bachelor of Science degree in Administration of Justice from Wichita State University, Wichita, Kansas.

## Property for Seizure

2. This affidavit is made in support of the government's application for a seizure warrant for the following property:

$19,810.28 from the United States Bureau of Prisons Trust Fund Account in the name of Tiffany Taber, Inmate Registration Number 43283-177.

## Authority for Seizure

3. Title 18, U.S.C. § 981(b) provides that property subject to forfeiture in the United States may be seized by warrant.

## Background on Property to be Seized

4. Tiffany Taber pleaded guilty to violating Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute a controlled substance) in the Northern District of Texas *in United States of America v. Tiffany Taber,* Case No. 4:11-CR-096-Y(36). In April 2012, the court sentenced Ms. Taber to imprisonment, as well as ordered her to forfeit the proceeds of the drug conspiracy, in the amount of $14,000,000.00, pursuant to 21 U.S.C. § 853(a) and Federal Rule of Criminal Procedure 32.2(b)(2)(A). A copy of Ms. Taber's judgment is attached to this affidavit; the forfeiture is set out on page 3.

5. The Drug Enforcement Administration ("DEA") and the Federal Bureau of Investigation ("FBI"), the two agencies conducting the investigation into the conspiracy in which Ms. Taber was involved, were not able to locate all of the $14,000,000.00 generated by the drug conspiracy. In fact, the DEA and FBI only located (and seized) a fraction of the $14,000,000.00. Based on the facts of the investigation, it appears the

defendants (over 60 in number) spent or transferred to third parties most of the proceeds of the conspiracy.

6. Ms. Taber is currently serving her sentence at a federal prison camp in Bryan, Texas. To date, Ms. Taber has paid only $100.00 towards the satisfaction of the forfeiture order imposed as part of her sentence.

7. As of January 5, 2015, Ms. Taber's Bureau of Prisons Trust Fund Account contained $19,810.28. Ms. Taber is the sole owner of the funds in this account.

8. Despite diligent efforts, I have been unable to locate any additional property belonging to Ms. Taber. At this time, I do not know whether the property described in paragraph 2 constitutes, or is derived from, the drug conspiracy for which Ms. Taber was convicted. However, Title 21, U.S.C. § 853(p) provides that a court may order the forfeiture of any other property of the defendant, if, as a result of any act or omission of the defendant, the property subject to forfeiture (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty.

## Conclusion

9. Based on the foregoing information, I request a seizure warrant for the property described in paragraph 2.

*Deborah Crook*
Deborah Crook
Senior Inspector
United States Marshals Service

SWORN TO AND SUBSCRIBED before me on January 6, 2015.

*Irma Carrillo Ramirez*
IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case number: 4:11-CR-096-Y (36) |
|  | Joshua T. Burgess, assistant U.S. attorney |
| TIFFANY TABER | Randy W. Bowers, attorney for the defendant |

On December 14, 2011, the defendant, Tiffany Taber, entered a plea of guilty to count one of the one-count superseding information filed on November 21, 2011. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(B) - | Conspiracy to Possess with Intent to Distribute a Controlled Substance, a Class B felony | July 12, 2011 | One |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

All remaining counts are dismissed as to this defendant only upon motion of the government.

The defendant shall pay immediately a special assessment of $100 for count one of the one-count superseding information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed April 11, 2012

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed April 11, 2012

Judgment in a Criminal Case
Defendant: Tiffany Taber
Case Number: 4:11-CR-096-Y (36)

Judgment -- Page 2 of 3

## IMPRISONMENT

The defendant, Tiffany Taber, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 97 months on count one of the one-count superseding information.

The Court recommends that the defendant be placed in the Institution Residential Drug Abuse Treatment Program, if qualified. The Court further recommends that the defendant be incarcerated at FMC--Carswell, due to her need for additional physical and medical attention.

The defendant is remanded to the custody of the United States marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of four years on count one of the one-count superseding information.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

(1) not leave the judicial district without the permission of the Court or probation officer;
(2) report to the probation officer in a manner and frequency directed by the Court or probation officer;
(3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) support the defendant's dependents and meet other family responsibilities;
(5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
(7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
(8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
(9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer;

Judgment in a Criminal Case
Defendant: Tiffany Taber
Case Number: 4:11-CR-096-Y (36)

Judgment -- Page 3 of 3

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. probation officer;

participate in a program (inpatient and/or outpatient) approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use; abstain from the use of alcohol and all other intoxicants during and after completion of treatment; contribute to the costs of services rendered (copayment) at the rate of at least $25 per month;

participate in mental health treatment services, as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, and contributing to the costs of services rendered (co-payment) at the rate of at least $25 per month; and

participate in workforce development programs and services involving activities relating to occupational and career development including, but not limited to, assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## FORFEITURE

The Court further ORDERS that defendant forfeit to the United States of America, in accordance with 21 U.S.C. § 853(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(2)(A), a sum of money equal to $14,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense in the superseding information, or traceable thereto, for which the defendant is jointly and severally liable.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____
United States marshal

BY _____
    deputy marshal